**UNITED STATES of America, Plaintiff,**

v.

**The CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants.**

**San Francisco Firefighters Local 798, et al., Defendants, In Intervention.**

**Fontaine DAVIS, et al., Plaintiffs, In Intervention,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants.**

**San Francisco Firefighters Local 798, et al., Defendants, In Intervention.**

**Civ. Nos. C–84–7089 MHP, C–84–1100 MHP.**

United States District Court, N.D. California.

Sept. 25, 1990.

**534**

See also 747 F.Supp. 1370.

Eva Jefferson Paterson, San Francisco Lawyers' Committee for Urban Affairs, Shauna I. Marshall, Equal Rights Advocates, William C. McNeill, III, Employment Law Center, Denise M. Hulett, Mexican–American Legal Defense & Educational Fund, San Francisco, Cal., Dennis W. Hayashi, Asian Law Caucus, Oakland, Cal., Mary C. Dunlap, Law Offices of Mary C. Dunlap, San Francisco, Cal., Russell Galloway, Berkeley, Cal., for plaintiffs in intervention.

Robert T. Moore, Richard S. Ugelow, U.S. Dept. of Justice, Civ. Rights Div., Employment Litigation Section, Washington, D.C., Joann Swanson, Dept. of Justice, San Francisco, Cal., for Dept. of Justice.

Duane W. Reno, Cindy O'Hara–Varela, Davis, Reno & Courtney, San Francisco, Cal., for Firefighters Union, Local No. 798.

Louise K. Renne, City Atty., George Riley, Deputy City Atty., Judy Lynch, Deputy City Atty., San Francisco, Cal., for City & County of San Francisco.

## OPINION

PATEL, District Judge.

These consolidated actions alleging constitutional and statutory violations arising from racial discrimination and harassment were settled pursuant to a Consent Decree filed May 20, 1988. The matter is now before the court on defendant-intervenor San Francisco Firefighter's Local 798's motion to award sanctions against plaintiff-intervenors under Federal Rule of Civil Procedure 11 because of plaintiff-intervenors'

failure to abandon a claim for attorneys' fees from Local 798. Having considered the submissions of the parties, the court denies defendant-intervenor's motion. Moreover, the court orders defendant-intervenors to pay the costs of plaintiff-intervenors associated with defending this motion.

*Background*

These consolidated actions were originally brought by the United States and plaintiff-intervenors Fontaine Davis, et al. ("Davis") against the City and County of San Francisco ("the City") in 1984 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the State and Local Fiscal Assistance Act of 1972, 31 U.S.C. § 6701 et seq. As consolidated, the claims focused on the City's use of invalid hiring procedures that had an adverse impact on women and minorities and on racial harassment of minority firefighters.

The claims were settled pursuant to a Consent Decree filed May 20, 1988. The Decree settled all disputes on the merits, but did not cover attorneys' fees. On December 2, 1988, Davis filed a motion seeking an award of attorneys' fees against the City and defendants-in-intervention under § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). One of the intervenors, San Francisco Firefighters Local 798 ("the Union" or "Local 798"), an early and vigorous participant, contends that, insofar as the motion seeks fees against them, it is not well-grounded in law. They now seek to have Davis sanctioned under Rule 11 of the Federal Rules of Civil Procedure.

LEGAL STANDARD

Under Federal Rule of Civil Procedure 11, an attorney is subject to sanctions for improper pleadings, motions or other papers. Rule 11 provides in part:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record ... The signature of an attorney ... constitutes a certificate by the signer ... that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is

well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In interpreting Rule 11, the Ninth Circuit has stated that certification by an attorney addresses two distinct problems: (1) the filing of frivolous claims, and (2) the misuse of judicial processes for the purpose of harassment. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986). The present action concerns the first of these.

*Frivolous Claims*

■ Sanctions shall be assessed against an attorney who files a claim which is "frivolous, legally unreasonable, or without factual foundation." *Id.* at 831. An attorney need not be correct in his view of the law, but "at a minimum, [the attorney] must have a 'good faith argument' for his or her view of what the law is, or should be." *Id.* An attorney's good faith is an objective condition attained after factual and legal research which is reasonable under the circumstances. *Id.*

DISCUSSION

I. *Sanctions Against Plaintiff–Intervenors*

■ The Union contends that Davis advanced a frivolous legal argument by proceeding with a claim for attorney's fees in the face of the Supreme Court's recent holding in *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989). According to the Union, *Zipes* so firmly settles the question of the attorneys' fees liability of defendant-intervenors in civil rights actions that no reasonable attorney would pursue an action under the facts of this case.

The basic question before the court is whether or not there is an arguable claim for attorneys' fees against the Union under *Zipes*, regardless of whether such a claim would ultimately prevail.

In *Zipes*, female flight attendants brought a Title VII action against Trans World Airlines ("TWA"), alleging that the company improperly dismissed women attendants who became pregnant. After the parties reached a settlement agreement, a flight attendants' union successfully intervened in the lawsuit and argued that the court lacked jurisdiction over certain plaintiffs and that the settlement agreement violated the collective bargaining agreement between TWA and the union. The female flight attendants ultimately prevailed and later sought attorneys' fees against both TWA and the defendant-intervenor union. In a 5–3 decision, the Supreme Court held that district courts should award Title VII attorneys' fees against defendant-intervenors who assert their own constitutional or statutory rights (so-called "functional plaintiffs") only where the intervenors' action was frivolous, unreasonable or without foundation.

A plausible argument can be made that *Zipes* does not bar a motion for fees against the Union in this case. To the extent that Local 798 did not seek to vindicate its members own rights, it was not a functional plaintiff protected by *Zipes*. The Union filed its motion to intervene in this action less than three months after the original complaint was filed and was an active participant for the balance of the litigation. By contrast, the flight attendants' union in *Zipes* intervened only at the remedial stage.

Furthermore, in defending supervisors and firefighters in its membership, the union was not asserting any constitutional or statutory rights—there being no right in this country to discriminate and harass (as Davis correctly contends). In *Zipes*, on the other hand, the flight attendants' union sought to preserve its rights under a collective bargaining agreement. Thus, *Zipes* is factually distinguishable from the instant case.

Moreover, a fair evaluation of the import of the Supreme Court's denial of certiorari in *Charles v. Daley*, 846 F.2d 1057 (7th Cir.1988), *cert. denied sub nom. Diamond v. Charles*, —— U.S. ——, 109 S.Ct. 3214, 106 L.Ed.2d 564 (1989), two days after *Zipes* was decided, buttresses the argument that only functional plaintiff-intervenors enjoy limited attorney's fees liability.

In *Daley*, the Seventh Circuit held that defendant-intervenors in a Title VII action who were full participants defending an unconstitutional law, not merely asserting their own rights, were liable for attorney's fees. The plaintiffs in *Daley* challenged the constitutionality of an Illinois abortion law. Within days of institution of the suit, two doctors sought to intervene to protect rights and interests of their patients as well as their own interests. Although the doctors successfully intervened, the case was ultimately won at the district, appellate and Supreme Court levels by the plaintiffs. Plaintiffs then sought attorney's fees against the intervenors. In support of its holding granting fees, the Seventh Circuit noted that the intervenors argued every issue with vigor equal to that of the actual defendants, that they were essentially the defendants' alter ego, and that plaintiffs prevailed over the intervenors in all respects. *Id.* at 1064–65.

A tenable argument can be made that by denying certiorari in the *Daley* case, the Supreme Court tacitly established a distinction between fee liability for functional plaintiff-intervenors and intervenors such as those in *Daley*. If the Court did not intend to make such a distinction, it had the opportunity to so indicate in its disposition of *Daley*. A remand to the Seventh Circuit with directions to reconsider in light of *Zipes* would have been an expected course of action. The Court's failure to do so could reasonably be interpreted as approval of the *Daley* holding.

Local 798 disagrees. Since the Seventh Circuit expressly declined to consider a functional plaintiff analysis in its holding, the Union argues that *Daley* could not possibly affect the scope of the *Zipes* holding. But to the extent that it applies to intervenors who are not functional plaintiffs, the *Daley* holding arguably retains vitality. In this regard, while some of the *Daley* intervenors' actions might have been

in the role of functional plaintiffs, others were not. They actively defended the unconstitutional Illinois law in order to "protect their own professional and pecuniary interests placed at risk by the plaintiff's challenge of the Act." *Daley*, 846 F.2d at 1059. Therefore, *Daley* arguably extends beyond functional plaintiffs to cover liability of other intervenors and thus is valid notwithstanding *Zipes*.[1]

At the time plaintiff-intervenors submitted their fees application, it was an open question which of the above competing arguments would ultimately prevail on the merits. The proper interpretation of both the Supreme Court's holding in *Zipes* and its denial of certiorari in *Daley* are subject to dispute, as the parties' papers demonstrate. Especially because of the unsettled nature of this area of law no attorney should be sanctioned for adopting a supportable position.

The Ninth Circuit has been especially sensitive to the danger of chilling legal advocacy in unsettled areas of the law through imprudent use of Rule 11 sanctions. *See Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1159–60 (9th Cir.1987); *see also Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir.1986). The Supreme Court's *Zipes* decision was handed down just over a year ago. Decisions and commentary on the case can hardly be at more than preliminary stages. Intervenor liability for attorneys' fees is not a settled area of the law. Sanctions in this case would be counter to the dictates of the Ninth Circuit.

An attorney presenting the above arguments for the continued vitality of attorney's fees against intervenors—arguments based upon relevant research and logical analysis—cannot properly be sanctioned for frivolous argument. These arguments are in essence the arguments presented by plaintiff-intervenors in the present case; sanctions against them are inappropriate.

## II. Attorneys' Fees for Defending This Sanctions Motion

Plaintiff-intervenors argue that this court should not only deny defendant-intervenors' motion for sanctions, but that the Union itself should be sanctioned for bringing the Rule 11 motion. Plaintiffs point out that a proper response from the Union in disputing the fees motion would have been opposition on the merits, rather than a sanctions motion. No reasonable attorney, they argue, could believe that a sanctions motion was proper.

■ A party bringing a sanctions motion is subject to the same standard as the party against whom the motion is directed. Local 798 must have believed in good faith that no reasonable attorney could pursue attorneys' fees against an intervenor such as themselves after the Supreme Court's holding in *Zipes*.

■ Given its most narrow gloss, the rule in *Zipes* could be read to apply to all defendant-intervenors regardless of their lack of status as functional plaintiffs. In order to bring a good faith claim for sanctions, however, the Union would have to believe that no other good faith interpretation of *Zipes* existed. In fact, plaintiff-intervenors apparently informed the Union of one such alternative interpretation. Concededly aware of the opposing interpretation, the Union nonetheless moved to sanction Davis, rather than seeking to defeat the fees motion through opposition on the merits. This court cannot condone such extreme conduct.

While Rule 11 sanctions must not be used to chill creative advocacy, they are specifically designed to discourage patently frivolous claims such as Local 798's sanctions motion. The proper means of attacking an opponent's position is through cogent legal argument in opposition papers, not through Rule 11.

---

**1.** The union further argues that even if *Daley* established a rule for intervenors who are not functional plaintiffs, that rule does not apply to Local 798 since its only role in this action was to defend the constitutional and statutory rights of its members. This proposition is so obviously subject to debate that it can hardly be a component of a meritorious claim for sanctions.

## CONCLUSION

Defendant-intervenor Local 798 has failed to show cause for this court to sanction plaintiff-intervenors for frivolous legal argument. Accordingly, defendant-intervenor's motion for sanctions is DENIED.

Moreover, because defendant has no good faith argument in support of the sanctions motion, the plaintiff-intervenors are awarded the costs of defending this motion and are granted leave to file a supplemental brief setting forth those costs.

IT IS SO ORDERED.